**Barry Alpha IBRAHIMA, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICE, Respondent.**

**No. 02–4382–ag.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2006.

---

Barry Alpha Ibrahima, Corona, NY, pro se.

John Ashcroft, Esq., U.S. Department of Justice Civil Division / Appellate Staff, Washington, DC, Edward J. McElroy, Esq., Immigration & Naturalization Service Office Of District Director, Kathy Marks, Esq., Sean Ceanwood, Esq., U.S. Attorney's Office Southern District of New York, New York, NY, for Respondent.

Present: ROSEMARY S. POOLER and SONIA SOTOMAYOR,\* Circuit Judges.

### *SUMMARY ORDER*

Barry Alpha Ibrahima ("Barry") \*\* moves this Court for appointment of counsel and for leave to file his brief and appendix in support of his petition for review of a Board of Immigration Appeals ("BIA") decision denying his appeal and motion to remand.

In July 1998, Barry filed an application for asylum and withholding of removal for himself and his wife, Hawa, and son as derivative beneficiaries, claiming that the family would be subject to political persecution if they were returned to Guinea. The IJ rejected the application. While Barry's appeal was pending before the BIA, he moved to remand the proceedings for consideration of a claim under the Convention Against Torture ("CAT"),[1] which had not previously been available as a form of relief. Barry alleged that, if deported to Guinea, his two daughters, both United States citizens, would more likely than not be subjected to female genital mutilation ("FGM"). He noted that Hawa had been subjected to FGM when she lived in Guinea. Barry and Hawa claimed that forcing them to witness their daughters undergo FGM would be "tantamount to extreme mental suffering, which also amounts to torture," thus qualifying them for CAT relief. Barry also argued that he

---

\* The Honorable Fred I. Parker, who was a member of this panel, died following submission, and the motion is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).

\*\* The official caption records petitioner's name as Barry Alpha Ibrahima, but he refers to himself both as Ibrahima Barry and Barry Ibrahima throughout the record. To avoid confusion, we will refer to him as Barry throughout.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, opened for signature Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.

was eligible for cancellation of removal because he had lived in the United States continuously for ten years and because his daughters would experience extreme and unusual hardship upon return to Guinea.

The BIA severed the couple's cases, remanding Hawa's case for reconsideration, but denying Barry's motion to remand and dismissing his appeal. Hawa, the BIA concluded, had presented a prima facie case for asylum, withholding of removal and CAT relief based on evidence that she had been a victim of FGM in Guinea and on "fear that her citizen daughters [would] be subjected to FGM if she is forced to return to Guinea." The BIA adopted and affirmed the IJ's holding with respect to Barry's asylum and withholding of removal claims, and held without explanation that he had not made out a prima facie case for CAT relief because he had failed to demonstrate that he would more likely than not be tortured if he returned to Guinea.

On remand, the IJ denied all of Hawa's claims for relief. The IJ found that Hawa was not credible and failed to sustain her burden regarding her claim that her daughters would be persecuted in Guinea. Specifically, the IJ was troubled by Hawa's assertion that she would take her daughters with her to Guinea, given the risk of subjecting them to FGM, when they could stay in the United States with Barry, their father. The IJ also found that Hawa failed to prove that her FGM constituted persecution.

Barry filed a timely petition for review of the BIA order denying his appeal and motion to remand. He also moved for a stay of removal pending this Court's review of his petition, which was granted in April 2003, and for appointment of counsel. We ordered Barry to file a brief in support of his petition for review by May 2, 2003; the brief he ultimately filed was procedurally defective, and the government did not

respond to it. Notwithstanding its defects, Barry's brief argues that the IJ erred in denying his claims for relief because he demonstrated past persecution and a well-founded fear of persecution on account of his political opinion. The brief also details "[t]he dreadful prospects of uprooting my children from the only country they have ever known": "The dreadful idea for me and my wife, to be deported and to leave [my daughters] behind in U.S., is not an option we can even entertain.... If I were to be deported from this country, I cannot leave a single member of my family behind; all of them are integral part of my own existence." Although Barry did not explicitly address his application for cancellation of removal, he noted the requirements and explained how he met them

The record before us presents a raft of unanswered questions concerning the BIA's treatment of Barry's asylum application, to wit: (1) why the BIA remanded Hawa's case for reconsideration, but not Barry's; (2) whether Barry is eligible for CAT relief based on the mental torture he may suffer as a result of his daughters being subjected to FGM in Guinea; (3) whether the BIA erred in failing to consider Barry's arguments regarding cancellation of removal; (4) and whether, in light of the fact that the IJ rejected Hawa's application in part because of an assumption that the children could stay with Barry, his potential removal requires reconsideration of claims for relief on the daughters' behalf. These important questions would benefit from a full briefing by competent counsel and consideration by a government attorney.

Consequently, it is hereby ORDERED that counsel be appointed to represent petitioner *pro bono publico*, and to brief any colorable arguments Barry may have. The Clerk shall invite members of the bar of this Court, including legal clinic pro-

grams associated with area law schools, to serve in this capacity. Once counsel has been appointed, the parties should be referred to CAMP, and a new scheduling order issued and the petition assigned to a new panel of this Court in the normal course.